UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DEREK PRIDE,

       Plaintiff,                      5:09-CV-861
                                                 (GTS/GHL)

v.

SUMMIT APARTMENTS,

       Defendant.

---

APPEARANCES:                                OF COUNSEL:

DEREK PRIDE
  Plaintiff, *Pro Se*
245 Evaleen Avenue
Syracuse, NY 13207

EDWARD J. FINTEL & ASSOCIATES          EDWARD J. FINTEL, ESQ.
  Counsel for Defendant
P.O. Box 6451
430 East Genesee Street, Suite 205
Syracuse, NY 13217-6451

HON. GLENN T. SUDDABY, United States District Court Judge

## MEMORANDUM DECISION and ORDER

      Currently pending before this Court in this employment discrimination action is a motion to dismiss filed by Summit Apartments ("Defendant"). (Dkt. No. 12.) For the reasons set forth below, Defendant's motion is denied, and Derek Pride ("Plaintiff") is granted additional time to properly serve Defendant.

**I.**       **RELEVANT BACKGROUND**

      Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 against Defendant, d/b/a Summit Acquisitions, L.L.C., a limited liability company organized under the laws of Indiana, and authorized to do business in the State of New York. (Dkt. No. 12, Attach. 5, at 3 [Def.'s

Memo. of Law].)  Generally, in his Complaint, Plaintiff alleges that Defendant terminated his employment because of his race, in violation of the 1964 Civil Rights Act.  (*See generally* Dkt. No. 1, Attach. 1.)  As a result, Plaintiff seeks compensatory damages for loss of wages and pain and suffering.  (*Id*.)

## II.   PROCEDURAL HISTORY

On or about September 17, 2009, Plaintiff forwarded the summons and a copy of the Complaint to the U.S. Marshal's Service for service in accordance with Fed. R. Civ. P. 4(e)(1). (Dkt. No. 10, at 1.)  The summons and Complaint were mailed in an envelope bearing the name and address as follows: Summit Apartments, 301 Columbus Avenue, Syracuse, N.Y. 13210. (Dkt. No. 10, at 1.) However, Form USM 299, Acknowledgment of Receipt of Summons and Complaint by Mail, was not returned within thirty days of the initial mailing of the pleadings. (Dkt. No. 10, at 2.)   Thus, Defendant was not served under Fed. R. Civ. P. 4(e)(1).

Plaintiff then forwarded another summons and Complaint to the U.S. Marshal's Service for service upon  Defendant.  (Dkt. No. 14, at 1 [Form USM-285 (Process Receipt and Return)].) On or about March 4, 2010, the summons and Complaint were sent by certified mail to Linda Niccom, 3020 Congressional Parkway, Suite E-F, Fort Wayne, Indiana 46808.  (Dkt. No. 14, at 3 [Proof of Service].)

## III.   DEFENDANT'S MOTION TO DISMISS

On or about March 23, 2010, Defendant moved to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(5).  (*See generally* Dkt. No. 12, Attach. 5 [Def.'s Memo. of Law].)  In its memorandum of law, Defendant argues that service upon Linda Niccom was insufficient under Fed. R. Civ. P. 4(h)(1)(B), which requires that service on an unincorporated association be made "by delivering a copy of the summons and complaint to an officer, a managing or general agent,

or to any other agent authorized by appointment or by law to receive service of process." *Accord* Indiana Trial Rule 4.6 (stating that, in Indiana, service upon an organization may be made upon an "executive officer" or registered agent). More specifically, Defendant argues that Ms. Niccom is neither an agent, nor an officer of Defendant's organization authorized by appointment or by law to receive service of process. (Dkt. No. 12, Attach. 5, at 5.) Moreover, Defendant argues that Ms. Niccom, who is an administrative assistant employed by a different corporation–Summit Management, LLC–has no individual authority to act on behalf of Defendant. *Id.*[1]

**IV. DISCUSSION**

As a preliminary matter, the Court recognizes the legal basis of Defendant's motion. In *Pogge v. Sheet Metal Workers' Int'l Ass'n Local 3*, a plaintiff's service on an administrative assistant was held to be improper under circumstances resembling the current case. *Pogge*, 2009 WL 324174, at *3, 2009 U.S. Dist. LEXIS 9529, at *8-9 (D. Neb. Feb. 9, 2009). In *Pogge*, the district court found that an administrative assistant did not qualify as an officer, general manager, or authorized agent of defendant for purposes of service. Accordingly, the court held service to be invalid under Fed. R. Civ. P. 4(h)(1)(B). *Id.*[2]

---

[1] The Court notes that Defendant's argument that Ms. Niccom is employed by a separate and impliedly distinct corporation appears questionable for two reasons. First, both Summit Management Corp. and Summit Acquisitions, L.L.C., are located at the same address, in the same suite, in Fort Wayne, Indiana. Second, both companies have the same registered agent for service. *Compare* Indiana Corporate Records & Business Registrations for Summit Acquisitions, L.L.C. (Active Domestic Limited Liability Co. as of July 7, 2006) *with* Indiana Corporate Records & Business Registrations for Summit Management Corp. (Active Corporation as of October 28, 2008) (available on Westlaw).

[2] Instead of granting the defendant's motion, the district court granted the plaintiff thirty days from the date of the order to properly effectuate service in compliance with Fed. R. Civ. P. 4(h)(1)(b), or in a manner otherwise consistent with the Federal Rules of Civil Procedure. *Pogge*, 2009 WL 324174, at *3-4.

3

Here, as in *Pogge*, Plaintiff's summons and Complaint was addressed to an administrative assistant, Ms. Linda Niccom. (*See* Dkt. No. 12, Attach. 4 [Envelope addressed to Linda Niccom]; *see also* Dkt. No. 12, Attach. 3 [Affidavit of Linda Niccom].) Moreover, the Court agrees with Defendant that Ms. Niccom's position as an administrative assistant appears to be outside the categories of persons on whom service may be made under both Fed. R. Civ. P. 4(h)(1)(B) and Indiana Trial Rule 4.6(A).[3] Furthermore, Plaintiff, who bears the burden of proof with respect to proper service, has not provided this Court with evidence negating the categorical exclusion of Ms. Niccom from the parties contemplated by Fed. R. Civ. P. 4(h)(1)(B) and Indiana Trial Rule 4.6(A). *See Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), *aff'd* 173 F.3d 844 (2d Cir. 1999) (stating that, when a defendant challenges sufficiency of service of process, "the burden of proof is on the plaintiff to show the adequacy of service"). As a result, under these circumstances, the Court concludes that service was insufficient.

However, dismissal of Plaintiff's Complaint for want of proper service is not mandated by law. In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5), a court has discretion to decline to dismiss a complaint in order to allow an additional attempt at service. *Grammenos v. Lemos*, 457 F.2d 1067, 1071 (2d Cir. 1972) ("[T]he fact of invalidity of the one

---

[3] Indiana Trial Rule 4.6(A) allows a plaintiff to serve process upon a domestic corporation's "executive officer" or "agent appointed or deemed by law to have been appointed to receive service." *See* Indiana Trial Rule 4.6. The term "executive officer" of an organization is defined by Indiana Trial Rule 83 to include "the president, vice president, secretary, treasurer, cashier, director, chairman of the board of directors or trustees, office manager, plant manager, or subdivision manager, partner, or majority shareholder." *See* Indiana Trial Rule 83. This definition goes on to state that "for purposes of service of process . . . the term includes the personal secretary of any of the foregoing persons or any person employed under or with any of the foregoing persons and who is entrusted with responsible handling of legal papers, and any person employed in the organization if such person promptly delivers the papers served to one of the foregoing." *Id.*

attempt at service does not automatically require dismissal of the complaint . . . . [T]he court has power, under Fed. R. Civ. P. 4(a), if the service is invalid or improper, to cause additional or new summons to be issued and good service attempted.").[4]  Moreover, "[w]hen dealing with *pro se* parties, courts interpret the rules dealing with service of process liberally." *St. John Rennalls v. County of Westchester*, 159 F.R.D. 418, 420 (S.D.N.Y. 1994).[5]

A court may, however, require a showing of good cause as a precondition to an extension of time in the event service has not been effectuated in the time prescribed by the Federal Rules of Civil Procedure, or time has run because of improper service.  Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . . .").  Under Fed. R. Civ. P. 4(m), the Court must extend the time to serve if plaintiff has shown good cause, and may extend the time to serve even in the absence of good cause.[6]

---

[4]  *See also Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737 (2d Cir. 1985) (stating that, where process or service of process is insufficient, "[t]he courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant . . . .") [citations omitted].

[5]  *But see Osrecovery, Inc. v. One Group Int'l, Inc.*, 234 F.R.D. 59, 60 (S.D.N.Y. 2005) (Kaplan, J.) ("Although minor or technical defects in a summons in certain circumstances do not render service invalid, defects that are prejudicial to the defendant or show a flagrant disregard for [Rule 4] do.").

[6]  *See* Fed. R. Civ. P. 4(m) advisory committee's note (1993 Amendments) ("[Rule 4(m)] explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown.").

Here, the Court concludes that good cause exists for Plaintiff's failure to effect service.[7] Accordingly, the Court concludes that dismissal of Plaintiff's Complaint is unwarranted under the circumstances. Rather, Plaintiff is hereby granted thirty (30) days additional time to effect service on Defendant through the U.S. Marshal's Service.[8]

For these reasons, the Court denies Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) without prejudice.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 12) is **<u>DENIED</u>** without prejudice; and it is further

**ORDERED** that, within **THIRTY (30) DAYS** of the date of this Decision and Order, the U.S. Marshal's Service shall effectuate service by certified Mail on any of the three individuals

---

[7] The Court reaches this conclusion for the following reasons: (1) Plaintiff is a *pro se* litigant; (2) Plaintiff did not direct the U.S. Marshal's Service to serve Linda Niccom; (3) Defendant appears to be on notice of Plaintiff's action; (4) Defendant did not argue that it would be prejudiced by an additional service, nor does it appear from the record that Defendant would be prejudiced by additional service; (5) Ms. Niccom's affidavit fails to designate to whom she is responsible to as an administrative assistant, and, as a result, the Court cannot definitively determine that service on Ms. Niccom was insufficient; and (6) it appears that Summit Acquisitions, L.L.C. and Summit Management Corp. are located at the same address. (*See generally* Dkt. Nos. 1, 12, 13). *See also* Note 1 of this Decision and Order.

[8] The Court notes that service pursuant to Indiana Trial Rule 4.6(A) has been held valid if addressed to the "Highest Available Officer," the "Highest Executive Officer," or the "Chief Executive Officer." *Northwestern Nat. Ins. Co. v. Mapps*, 717 N.E.2d 947, 953-954 (Ind. Ct. App. 1999); *Fidelity Fin. Serv., Inc. v. West*, 640 N.E.2d 394, 401 (Ind. Ct. App. 1994); *Taco Bell Corp. v. United Farm Bureau Mut. Ins. Co.*, 567 N.E.2d 163, 164-165 (Ind. Ct. App. 1991). The Court notes also that service by certified mail is an acceptable method of service. *See Precision Erecting, Inc. v. Wokurka*, 638 N.E.2d 472, 474 (Ind. Ct. App. 1994) ("[Indiana Trial Rule 4.6] requires only that service be sent by certified mail to the proper person . . . ."). As a result, the U.S. Marshal's Service is directed to effectuate service by certified mail on the "Chief Executive Officer, "Highest Executive Officer" or the "Highest Available Officer" at the following address: 3020 Congressional Parkway, Suite F, Fort Wayne, IN 46808.

and addresses listed above;[9] and it is further

**ORDERED** that Plaintiff shall provide the U.S. Marshal's Service with any documents they require to effectuate proper service.

Dated: June 16, 2010
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge

---

[9] In the event service is not effectuated before this deadline, Defendant may renew its motion to dismiss.