UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DERRICK PRIDE,

                Plaintiff,

v.                                                                                          5:09-CV-0861
                                                                                            (GTS/ATB)
SUMMIT APARTMENTS,

                Defendant.
_____

APPEARANCES:                                                                OF COUNSEL:

DERRICK PRIDE
  Plaintiff, *Pro Se*
245 Evaleen Avenue
Syracuse, NY 13207

OFFICE OF HUGH GREGG, II                                                    HUGH GREGG, II, ESQ.
  Counsel for Defendant
120 East Washington Street
Syracuse, NY 13202

GLENN T. SUDDABY, United States District Judge

## **MEMORANDUM-DECISION and ORDER**

     Currently before the Court, in this employment discrimination action filed *pro se* by Derrick Pride ("Plaintiff") against Summit Apartments ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964, are Defendant's second motion for summary judgment and Plaintiff's second cross-motion for summary judgment. (Dkt. Nos. 37, 40.) For the reasons set forth below, Defendant's second motion for summary judgment is granted, Plaintiff's second cross-motion for summary judgment is denied, and Plaintiff's Complaint is dismissed.

I.  **RELEVANT BACKGROUND**

   A.  **Claims and Procedural History**

Because the parties have (in their motions papers) demonstrated an accurate understanding of Plaintiff's Title VII claim and supporting allegations, and the relevant procedural history of this action, the Court will not recite that information in this Decision and Order, which is intended primarily for the review of the parties.

   B.  **Parties' Briefing on Current Motions**

Generally, Defendant's second motion for summary judgment requests the dismissal of Plaintiff's Complaint for the following five reasons: (1) no admissible record evidence exists that Defendant is a covered employer pursuant to 40 U.S.C. § 2000e(b), because it is uncontroverted that Defendant did not employ 15 or more employees for each working day in each of 20 calendar weeks in the current or preceding calendar year; (2) in any event, no admissible record evidence exists that Plaintiff was qualified for his position as required by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1999), because it is uncontroverted that Plaintiff's termination (on or about June 27, 2008) was preceded by his poor work performance and the issuance of verbal and written notices of his employment violations (including one on or about May 16, 2008); (3) in any event, no admissible record evidence exists that the discharge occurred under circumstances giving rise to an inference of discrimination as required by *McDonnell Douglas Corp. v. Green*, because it is uncontroverted that Plaintiff (an African American male) was replaced by another African American male; (4) in any event, no admissible record evidence exists that the proffered reason for his discharge was merely pretextual as required by *McDonnell Douglas Corp. v. Green*; and (5) in addition, to the extent that Plaintiff claims that

Defendant took an adverse employment action for multiple reasons that include unlawful discrimination, no admissible record evidence exists that a prohibited discriminatory factor played a motivating part in the adverse employment decision, and in any event it is uncontroverted that Defendant would have made the same decision even without such discriminatory purpose. (Dkt. No. 37, Attach. 6.)

In support of its motion, Defendant submits a Statement of Material Facts containing 14 paragraphs of factual assertions, each of which is supported by one or more specific record citations. (Dkt. No. 37, Attach. 5.)

Generally, Plaintiff's joint opposition brief and cross-motion brief asserts the following three arguments: (1) the record contains uncontroverted record evidence that Defendant is a covered employer pursuant to 40 U.S.C. § 2000e(b); (2) based on the current record, he has made out a prima facie case of racial discrimination as a matter of law; and (3) the record contains uncontroverted record evidence that Defendant's actions were pretextual and motivated by a discriminatory factor. (Dkt. No. 40.)[1]

In opposition to Defendant's motion and support of his cross-motion, Plaintiff submits a Response to Defendant's Statement of Material Facts admitting or denying Defendant's factual assertions in matching numbered paragraphs. (Dkt. No. 40, Attach. 1.) While one of the denials is followed by a citation to the record where the factual issue purportedly arises, the other denials are not. (*Compare* Dkt. No. 40, Attach. 1, at ¶ 1 [containing a denial followed by a record citation] *with* Dkt. No. 40, Attach. 1, at ¶¶ 3, 4, 5, 5.a, 8 [containing denials but no supporting

---

[1] The Court notes that Plaintiff's submission vacillates between arguing that genuine disputes of material fact *do* exist and requesting the entry of summary judgment in Plaintiff's favor. (*See, e.g.,* Dkt. No. 40, at 3.)

3

record citations].) Moreover, the record citation following the former denial does not cite evidence that actually supports the denial. (Dkt. No. 40, Attach. 1, at ¶ 1 [citing Plf.'s Ex. A in support of denial of fact that Defendant is a privately owned limited liability company organized under the laws of Indiana and authorized to do business in New York.)

## II. GOVERNING LEGAL STANDARDS

### A. Standard Governing Motion for Summary Judgment

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In addition, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). However, when the moving party has met this initial burden, the nonmoving party must come forward with specific facts showing a genuine issue of material fact for trial. Fed. R. Civ. P. 56(c),(e); N.D.N.Y. 7.1(a)(3).

As for the genuineness requirement, a dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the novmoving party." *Anderson*, 477 U.S. at 248. As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted].[2]

---

[2] As the Supreme Court has famously explained, "[The nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts" [citations omitted]. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. [citation omitted].

Implied in this burden-shifting standard is the fact that, where a nonmoving party fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute–even if that nonmoving party is proceeding *pro se*. *Cusamano v. Sobek*, 604 F. Supp.2d 416, 426 & n.2 (N.D.N.Y. 209) (Suddaby, J.) (citing cases). This is because the Court extends special solicitude to the *pro se* litigant largely by ensuring that he has received notice of the consequences of failing to properly respond to the motion for summary judgment. *Cusamano*, 604 F. Supp.2d at 426 & n.3 (citing cases). As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules. *Id.* at 426-27 & n.4 (citing cases). For this reason, this Court has often enforced Local Rule 7.1 against nonmoving parties on summary judgment motions–even where the nonmoving party was proceeding *pro se* in a civil rights case. *Id.* at 427 & n.6 (citing cases).

Among other things, Local Rule 7.1 requires that the nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises. N.D.N.Y. L. R. 7.1(a)(3). If the nonmoving party fails to do so, he is deemed to have admitted any properly supported facts set forth in the moving party's Statement of Material Facts. *Id*.

In addition, Local Rule 7.1 requires that the nonmoving party file an opposition memorandum of law. N.D.N.Y. 7.1(b)(1). If the nonmoving party fails to do so, he is deemed to

5

have consented to the motion; and the movant's burden on his motion is lightened such that, in order to succeed, he need only show that his motion possesses facial merit, which has appropriately been characterized as a "modest" burden. N.D.N.Y. 7.1(b)(3).[3]

### B. Standard Governing Plaintiff's Title VII Claim

Because the Court recited the legal standard governing Plaintiff's Title VII claim in its Decision and Order of July 16, 2012 (*see* Dkt. No. 32, at 7-8), the Court incorporates that standard by reference in this Decision and Order, which (again) is intended primarily for the review of the parties.

## III. ANALYSIS

Before filing his opposing to Defendant's second motion for summary judgment, Plaintiff had been specifically and repeatedly notified of the consequences of failing to file a Response to Defendant's Statement of Material Facts that included accurate record citations in support of any factual denials. (*See, e.g.,* Dkt. No. 28, Attach. 1 [District's Form Notification of Consequences of Failing to Response to a Summary Judgment Motion]; Dkt. No. 32, at 2 [imposing

---

[3] *See, e.g., Cossey v. David,* 04-CV-1501, 2007 WL 3171819, at *4 & nn. 21, 22 (N.D.N.Y. Oct. 29, 2007) (Lowe, M.J. adopted by Scullin, J.) ("[A]s a practical matter, the burden requires only that the Defendants present an argument that is 'facially meritorious.'") (collecting cases); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (citing cases that stand for the proposition that, where plaintiffs do not respond to defendants' argument made in their summary judgment motion, plaintiffs are deemed to have consented to defendants' argument, and thus defendants must only satisfy their "modest threshold burden" of demonstrating entitlement to the relief requested in their motion for summary judgment); *Niles v. Nelson*, 72 F. Supp.2d 13 (N.D.N.Y. 1999) (McAvoy, J.) (holding that when a party does not respond to a portion of the opposing party's motion, they indicate that they consent to the granting of summary judgment with respect to that portion of the motion or have abandoned the claim); *cf. Di Giovanna v. Beth Isr. Med. Ctr.*, 08-CV-2750, 2009 WL 2870880, at *10 n.108 (S.D.N.Y. Sept. 8, 2009) (citing cases for proposition that plaintiff's failure to respond to argument made in summary judgment motion as to why certain claim should be dismissed constitutes abandonment of claim).

consequences on Plaintiff for failing to file a Local Rule 7.1 Response].)[4] As a result, the Court may, and does, deem as admitted all the facts set forth in Defendant's Statement of Material Facts–each of which is properly supported by accurate record citations. (Dkt. No. 37, Attach. 5.)

After carefully considering Defendant's five arguments in light of the undisputed material facts presented on its motion, the Court is persuaded by each of those five arguments for the reasons stated by Defendant. (Dkt. No. 37, Attach. 6, at 6-13 [Def.'s Memo. of Law].) *See also* Part I.B. of those Decision and Order (summarizing those five arguments). The Court would add only that, because Plaintiff never responded to Defendant's fifth argument (*see, supra,* Part I.B. of this Decision and Order), Defendant's burden on that argument is lightened such that Defendant need only show that that argument possesses facial merit (*see, supra,* Part II.A. of this Decision and Order), which it does, at the very least.

For each of these alternative reasons, the Court grants Defendant's second summary judgment motion. In addition, Plaintiff's cross-motion for summary judgment (which is not even supported by an independent Statement of Material Facts) is denied as moot, unsupported by a showing of cause, and procedurally improper.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's second motion for summary judgment (Dkt. No. 37) is **<u>GRANTED</u>**; and it is further

**ORDERED that** Plaintiff's second cross-motion for summary judgment (Dkt. No. 40) is **<u>DENIED</u>**; and it is further

---

[4] *See also* N.D.N.Y. L.R. 7.1(a)(3) and District's *Pro Se* Handbook at 42 (both of which advise non-movants of consequences of failing to oppose a motion for summary judgment).

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>**.

The Clerk of the Court is directed to enter Judgment for Defendant and close this action.

Dated: February 14, 2013
       Syracuse, New York

*[signature]*

Hon. Glenn T. Suddaby
U.S. District Judge